[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15992
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cv-00444-RH-WCS

TRAVIS MCKINNEY,

Plaintiff - Appellant,

versus

SHERIFF,
JASON NEWLIN,
Deputy,

Defendants - Appellees,

SCOTT POWELLS, et al.,

Defendants.
_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 31, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Travis McKinney, a prisoner proceeding *pro se*, appeals the district court's grant of summary judgment for former Wakulla County Sheriff David Harvey in his 42 U.S.C. § 1983 action, as well as the denial of his request to file a third amended complaint. McKinney alleged that the state circuit judge ordered him gagged during a violation of probation hearing, and that Harvey observed but took no action as the courtroom deputies gagged him with duct tape and a used handkerchief.[1] The district court concluded that Harvey's observation of these acts did not cross a constitutional threshold because the use of a gag is not *per se* unconstitutional, and assuming all facts in the light most favorable to McKinney, the deputies' actions did not amount to excessive force. After review, we affirm the district court.

*Excessive Force*

McKinney first argues the district court erred in granting summary judgment because he only needed to prove that his rights were violated to prevail. McKinney contends the officers behaved maliciously and sadistically by removing and reapplying duct tape to his mouth, and by using a dirty handkerchief.

---

[1] To the extent McKinney's claim arose when he was a pre-trial detainee, his claim is grounded in the Fourteenth Amendment. *Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005). Notwithstanding, "[a] claim of excessive force under the Fourteenth Amendment is analyzed as if it were an excessive-force claim under the Eighth Amendment." *Fennell v. Gilstrap*, 559 F.3d 1212, 1216 n.5 (11th Cir. 2009).

We review the grant of summary judgment *de novo*. *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008). "Summary judgment is rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(c)). In making this assessment, we must view all evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the nonmovant. *Id.*

To determine whether the deputies used excessive force in gagging McKinney such that Harvey is liable under § 1983,[2] our core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 112 S. Ct. 995, 999 (1992). In determining whether force was applied maliciously and sadistically, we look to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates . . ." *Campbell v. Sikes,* 169

---

[2] "If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation . . . takes place in his presence, the officer is directly liable under [§] 1983." *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998).

F.3d 1353, 1375 (11th Cir. 1999) (quotations omitted).  However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson,* 112 S. Ct. at 1000 (quotations omitted).

The district court did not err in granting summary judgment in favor of Harvey because no genuine issue of material fact existed as to whether McKinney's constitutional rights were violated.  The order by a state court judge to gag McKinney was not itself *per se* unconstitutional, because it was directed by the judge to be done for the restoration of order in his courtroom.  *See Illinois v. Allen*, 90 S. Ct. 1057, 1061 (1970) (stating that "bind[ing] and gag[ging a defendant], thereby keeping him present" is one "constitutionally permissible way[] for a trial judge to handle an obstreperous defendant").

Furthermore, evidence indicated that the duct tape and handkerchief were not used maliciously or sadistically to cause harm, but rather, in a good faith effort to maintain or restore discipline.  *Hudson*, 112 S. Ct. at 999.  Due to McKinney's persistent interruptions, the repeated removal of the duct tape, allowing him to speak, and subsequent reapplication, permitting the judge to speak, was reasonably related to the need for the application of the gag.  *Sikes*, 169 F.3d at 1375.  Any force used in gagging McKinney was only increased relative to his continued

refusal to remain quiet. *Id.* Moreover, the extent of the alleged injury—that removal of the gag caused his hair to be pulled and his gums to bleed—was minimal. *Id.* McKinney himself removed the gag more than once. Because the evidence does not support an inference of malicious or sadistic application of force, we affirm the district court's grant of Harvey's motion for summary judgment.

*Motion for Leave to Amend the Complaint*

McKinney next argues the district court erred in denying his request to amend as futile, particularly because he alleged a civil rights violation. We review the denial of a motion for leave to amend a complaint for an abuse of discretion. *Covenant Christian Ministries, Inc. v. City of Marietta*, 654 F.3d 1231, 1239 (11th Cir. 2011). Futility justifies the denial of leave to amend where the complaint, as amended, would be subject to dismissal. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).

The district court did not abuse its discretion in denying McKinney's motion for leave to amend as futile because it permitted him to amend his complaint on two prior occasions, and he only requested leave to amend a third time after Harvey filed his motion for summary judgment. Furthermore, his proposed third amended complaint named a party previously dismissed by the court and included claims not properly brought under a civil rights action.

5

**AFFIRMED.**